## SAULQUE v. DURRALDE.

### No. 19,121; August 16, 1893.

#### 33 Pac. 1090.

Forcible Detainer—Plaintiff's Possession—Sufficiency.—In forcible detainer, it appeared that plaintiff claimed under a lease of the stubble; that he kept sheep three days on twenty acres not in grain; that fifteen days afterward he put three watering troughs on the land; that fifty-three days thereafter he returned and demanded possession of defendant, who had taken possession; and that at such time the grain was cut, but on the ground unthreshed. Held, that plaintiff did not have such possession as entitled him to recover, under Code of Civil Procedure, section 1160, subdivision 2, which provides that a person is guilty of forcible detainer who, during the absence of the "occupant" of any lands, unlawfully enters thereon, and that "occupant" means one who, within five days preceding such unlawful entry, was in peaceable possession.[1]

---

[1] Cited in the note in 121 Am. St. Rep. 384, on the right to a civil action for forcible entry and detainer.

APPEAL from Superior Court, Ventura County; B. T. Williams, Judge.

Action by Jules Saulque against Buente Durralde for forcible detainer of a certain tract of land. From a judgment of nonsuit and from an order denying his motion for a new trial plaintiff appeals. Affirmed.

Barnes & Selby for appellant; Blackstock & Shepherd for respondent.

HAYNES, C.—The plaintiff appeals from a judgment of nonsuit entered against him, and from an order denying his motion for a new trial. The action is for forcible detainer of a tract of land containing about four hundred acres. The complaint was framed under the second subdivision of section 1160, Code of Civil Procedure, alleging that at the time of defendant's entry, and for five days prior thereto, the plaintiff was in peaceable and actual possession and occupation, and entitled to the possession, of the whole ranch; that on August 25, 1891, during his temporary absence, defendant unlawfully entered and took possession; and further alleged a demand for possession, and defendant's refusal for five days; that he was damaged, etc. The answer denied these allegations, and pleaded a right to enter and depasture the stubble under a license from the owner of the ranch. One T. W. Dixon occupied and farmed the ranch in question on the shares. On June 19, 1891, he made an agreement with the plaintiff, of which the material part is as follows: "I have rented to Jules Saulque the stubble on the place known as the 'Sturgiss Place' which is farmed by me, comprising about four hundred acres, at the rate of $320 for the whole place. I reserve the right to use one well for my exclusive use." Plaintiff testified that on July 15th he went upon a part of the land with a flock of sheep, and kept them there three days, and then took them away; that on August 3d he went back without the sheep, and put some watering troughs upon the land; that on August 26th he again returned, and found that someone had removed his troughs and put them out on the county road, and also found the defendant on the land with his sheep, and made a demand that he surrender possession. At the last-named date the grain had been cut, but was still lying in

"dumps," and had not been threshed. The part of the land upon which plaintiff had his sheep for three days in July was not in grain, and embraced about twenty acres, upon which, plaintiff said, Mr. Dixon gave him permission to put his sheep. The defendant took his sheep upon the same part of the land the day preceding plaintiff's demand. Mr. Dixon testified that he was living upon the farm, farming it on shares; that one-half of whatever he got was his; that he gave defendant, who had his sheep upon other land, the right to water them at the well near the house, but that he gave him no other right.

I think the plaintiff did not show such possession as would have supported a verdict in his favor, and that the nonsuit was properly granted. The grain not having been removed, the right to enter given by the lease or contract had not accrued, and there was no possession or present right of possession under it. The occupancy of the twenty acres not in grain, for three days in July, and placing three watering troughs upon it on the 3d of August, was not such an occupancy on the 25th of August as the statute contemplates as a basis for so harsh a remedy as that of "forcible detainer."

Some exceptions were taken to the rulings of the court upon questions of evidence. The only exception noticed in appellant's brief relates to the question of damages. As the plaintiff did not show a right to recover in the action, he was not injured by the exclusion of evidence upon that question. An examination of the whole record discloses no prejudicial error. The judgment and order appealed from should be affirmed.

We concur: Searls, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion it is ordered that the judgment and order appealed from be affirmed.